NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MELODY WADE, *Appellant.*

No. 1 CA-CR 13-0129
FILED 3-25-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-128937-001
The Honorable Pamela S. Gates, Judge

**CONVICTION AFFIRMED; JUDGMENT AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Patricia K. Norris joined.

---

**J O H N S E N,** Judge:

¶1         This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following Melody Lorraine Wade's conviction of disorderly conduct by recklessly handling or displaying a dangerous instrument, a Class 6 felony.  Wade's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999).  Wade was given the opportunity to file a supplemental brief but did not do so.[1]  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Wade's conviction and sentence, but modify the judgment of conviction to omit the requirement that she pay for the cost of DNA testing.

### FACTS AND PROCEDURAL HISTORY

¶2         Wade cut off a woman in traffic, then cut off the woman's husband, who was driving ahead of her in a separate vehicle.[2]  In retaliation, the woman and her husband each cut off Wade in turn.  Wade then pulled alongside the driver's side of the woman's car at a red light and threw a glass out her window toward the woman's car.  In response,

---

[1]     While this appeal was pending, Wade's counsel filed a motion stating he has been unable to contact Wade to furnish her the opening brief, the transcripts and the record on appeal, and asks leave to retain all transcripts and records on appeal until "further contact" with Wade is established.  The motion is granted.

[2]     Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Wade.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).

the woman rolled down her window and told Wade she was calling the police. When the light turned green, Wade made a right turn in front of the woman, who then followed Wade into a pharmacy parking lot. Both women then stopped, and Wade approached the woman with a knife, making stabbing motions. Police were called and stopped Wade after she departed from the parking lot moments later. They found a knife in Wade's car.

¶3 Wade was arrested and charged with disorderly conduct and criminal damage. After a jury found her guilty of disorderly conduct, the court suspended imposition of sentence and placed Wade on probation for two years, including 30 days in jail.

¶4 Wade timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2014), 13-4031 (2014) and 13-4033 (2014).[3]

## DISCUSSION

¶5 The record reflects Wade received a fair trial. She was represented by counsel at all stages of the proceedings against her and was present at all critical stages. The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing; however, the record does not suggest a question about the voluntariness of Wade's statements to police. *See State v. Smith*, 114 Ariz. 415, 419, 561 P.2d 739, 743 (1977); *State v. Finn*, 111 Ariz. 271, 275, 528 P.2d 615, 619 (1974).

¶6 The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members with two alternates. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal term of probation.

¶7 The superior court ordered Wade "to submit to DNA testing for law enforcement identification purposes and pay the applicable fee for the cost of that testing in accordance with A.R.S. § 13-610." In an opinion

---

[3] Absent material revision after the relevant date, we cite a statute's current version.

issued after sentencing in this matter, this court held that A.R.S. § 13-610 (2014) does not authorize the court to require a convicted defendant to pay the testing fee. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013). Accordingly, we modify the judgment of conviction to omit the requirement that Wade pay the cost of DNA testing.

## CONCLUSION

**¶8**        We have reviewed the entire record for reversible error, and, with the exception of the requirement that Wade pay for DNA testing, we find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

**¶9**        After the filing of this decision, defense counsel's obligations pertaining to Wade's representation in this appeal have ended. Defense counsel need do no more than inform Wade of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Wade has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Wade has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: MJT